IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JEREMY JOHNSON and FELICIA
JOHNSON, Individually and as Parents of
the Minor Child, MJ                                                              PLAINTIFFS

v.                              No. 2:20-cv-139-DPM

ROSS SIMS, Individually and in his
official capacity as Principal of the
Lakeside School District                                                         DEFENDANT

## ORDER

1. The Johnsons' minor child, MJ, attends school in the Lakeside School District. MJ experienced behavioral problems at school, and the District responded by placing her in an alternative learning environment. MJ was sexually assaulted there by two older students. The Johnsons brought a due process complaint pursuant to the Individuals with Disabilities Education Act. The hearing officer ruled for the parents. The District did not appeal. In this suit, the Johnsons claim disability discrimination under federal and state law, violation of MJ's due process rights, plus attorneys fees and costs in their IDEA administrative proceedings. Taking the offensive, the parents seek partial summary judgment. They request an award of their IDEA fees and costs, plus estoppel on the facts found by the hearing officer. The Court takes the material facts, where genuinely disputed, in favor of

the District and Sims, the principal. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

**2.** Having prevailed in the administrative process, the Johnsons are entitled to a reasonable attorney's fee and costs. 20 U.S.C. § 1415(i)(3)(B)–(C); *Richardson v. Omaha School District*, 957 F.3d 869, 872–73 (8th Cir. 2020). The District's pre-hearing settlement offers are no bar because of when they were made and because they fell short of the relief awarded. 20 U.S.C. § 1415(i)(3)(D)(i). Though a party's failure to take advantage of that relief can affect its status as a prevailing party, *Drennan v. Pulaski County Special School District*, 458 F.3d 755, 757 (8th Cir. 2006), this legal principle does not apply in the extraordinary circumstances presented. MJ has realized some of her relief. As a virtual learner due to the COVID-19 pandemic, she hasn't yet gotten all the services; but the Court is confident that she will in due course.

The Court awards a reasonable fee of $17,450.00 and $550.00 in costs, which are undisputed. *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). The award covers sixty-five hours of lead counsel's time at $250/hour, and six hours of co-counsel's time at $200/hour. Those are reasonable rates for this kind of work and reflect the expertise, complexity, and risk involved, as well as the Eastern District's market. Counsel's awarded hourly rate in other kinds of cases is not dispositive. The Court trims the reported time to account for work involving the expert (which may be compensable later), some of the time spent on the

unsuccessful first due process complaint, the District's efforts to resolve the matter before the hearing, and the relief the Johnsons ultimately received.

**3.** The hearing officer made clear and careful findings of fact, *Doc. 4 at 11–19*. The District and Sims do not dispute them. *Doc. 18 at 12*. And those facts, but only those facts, are conclusively established for this case. *Gurley v. Hunt*, 287 F.3d 728, 731 (8th Cir. 2002). The Johnsons' statement, *Doc. 14*, goes further. The District and Sims are not estopped to dispute facts not found by the hearing officer.

* * *

The Johnsons' motion for partial summary judgment, *Doc. 12*, is partly granted and partly denied. The Lakeside School District owes the Johnsons $18,000.00 under the IDEA, which the Court will tax as costs in the Judgment in due course. 20 U.S.C. § 1415(i)(3)(B)(i).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

10 November 2020